IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DOMINIC AGUERO, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Darrah |
| | ) | |
| -vs- | ) | Case No.: 08 C 6689 |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Mason |
| | ) | |
| OFFICER WILLIAM WALKER, | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| OFFICER SEAMUS SCANNELL, and | ) | |
| | ) | |
| JOHN DOE. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Plaintiff Dominic Aguero, by and through undersigned counsel, and hereby submits his Amended Complaint as follows:

**PARTIES**

1. Plaintiff Dominic Aguero is a citizen residing at 2522 South Harding Ave., Chicago, IL 60623. At all times relevant to this action, he resided in the State of Illinois.

2. Defendant, City of Chicago, is a municipal corporation, duly incorporated under the laws of the State of Illinois. It is being sued in its individual capacity and as the employer and principal of the Defendant Officers.

3. Defendant William Walker is a Chicago Police who is employed at the Tenth District Police Station near Odgen and St. Louis. He is being sued in his individual

capacity for damages. Defendant Walker was acting under the color of the law and within the scope of his employment at all times relevant hereto.

4. Defendant Seamus Schanelli is a Chicago Police who is employed at the Tenth District Police Station. He is being sued in his individual capacity for damages. Defendant Schanelli was acting under the color of the law and within the scope of his employment at all times relevant hereto.

5. Defendant John Doe is a Chicago Police who is employed at the Tenth District Police Station. He is being sued in his individual capacity for damages. Officer Doe is an employee or agent of the City of Chicago, employed as a police officer. Officer Doe's true identity is unknown to Plaintiff, but is known, or knowable, to the City of Chicago. Defendant Doe was acting under the color of the law and within the scope of his employment at all times relevant hereto. Plaintiff will seek leave of Court to amend this complaint after the name of Officer Doe is ascertained.

## JURISDICTION AND VENUE

6. This action arises under 42 U.S.C. § 1983 to redress the deprivation under color of state law rights, privileges and immunities secured by the constitution of the United States. The rights sought to be redressed are guaranteed by the First and Fourteenth Amendments of the United States Constitution. The court has Federal Question Jurisdiction over this controversy under 28 U.S.C. 1331, 1367, and 1343.

7. Venue is proper in the Northern District of Illinois under 28 U.S.C. 1391. The acts complained of occurred there, and all Defendants work and/or conduct business there.

## **FACTS**

8. On May 24, 2008 or about, the Plaintiff entered the Tenth District Police Station to report that his license plates had been stolen.

9. After entering the police station, Plaintiff Aguero began to speak with Defendant Schanelli. Plaintiff told Defendant Schanelli that his license plates for his vehicle had been stolen off of his car.

10. Defendant Schanellil then turned and looked at Defendant Walker who was standing next to him behind the service desk in the Police Station and asked him "what do we do?".

11. Defendant Walker asked Plaintiff where his car was parked, and the Plaintiff stated that it was parked in front of his house.

12. Defendant Walker asked Plaintiff if he had any tickets in relation to his vehicle and Plaintiff stated that he did. Officer Walker further asked Plaintiff how he knew that his plates had been stolen.

13. Plaintiff averred that his plates were firmly screwed to the back of his car and he noticed that the screws were detached and his plates were removed.

14. Defendant Walker stated, "you know you ain't getting out of paying for your tickets" and the Plaintiff replied by saying that it was not his intention to get out of paying for his tickets, he just wanted to report that his plates were stolen, and request an investigation be conducted.

15. During the conversation, Plaintiff had his license, registration and his receipts from having previously purchased his license plates laid out on the desk/counter of the Police Station.

16. Defendant Walker repeated to Plaintiff that he would not get out of paying for his traffic tickets, and that he could not be fooled by his Latin King gang banging bullshit.

17. The Plaintiff took his documents off the desk and requested Officer Walker's badge number. Defendant Walker became extremely angry after the Plaintiff made his request.

18. Defendant Walker refused to relinquish his badge number and asked Plaintiff if he had insurance on his car.

19. The Plaintiff asked Defendant Walker and Defendant Schanelli if he was going to get any assistance from them and they stated no.

20. Plaintiff began to exit the Police Station and Officer Walker began to follow the Plaintiff through the same exit.

21. Upon exiting the Station, Plaintiff walked in a direction opposite from where his car was parked in an attempt to locate a pay phone because his cell phone was not functioning properly and he wanted to call 911 and report the conduct of Defendant Walker and Defendant Schanelli.

22. While Plaintiff was walking in the opposite direction of Defendant Walker, Defendant Walker approached Plaintiff's car.

23. Two other officers exited the station after Walker, one was Defendant Schanelli and the other was Defendant John Doe.

24. Defendant Walker yelled at Defendant Schanelli and Defendant John Doe and told them to apprehend Plaintiff. Defendants Schanelli and John Doe ran towards Plaintiff.

25. Defendant Schanelli grabbed Plaintiff by the arm, while Defendant John Doe kneed him in the abdomen and in the face, and Defendant Schanelli slammed Plaintiff to the ground and placed handcuffs on Plaintiff.

26. Defendant Schanelli and Defendant John Doe lifted Plaintiff to his feet and escorted him back into the police station.

27. Plaintiff asked the Defendant Officers why he was being detained, and Defendant Walker stated that they had to conduct an investigation in regards to Plaintiff's vehicle. Defendant Walker also stated that he was writing Plaintiff some tickets in relation to his car.

28. Plaintiff asked again, why in fact was he being detained and stated that he had done nothing wrong, and requested to speak to an attorney.

29. Defendant Walker stated again, that he was not fooled by Plaintiff's Latin King bullshit. Plaintiff is not a Latin King.

30. Defendant Walker then snatched Plaintiff by the back of his neck, walked him to a room where he began choking him and punching him in his face and abdomen.

31. Plaintiff was handcuffed and unable to defend himself the entire time he was beaten and tortured by Defendant Walker.

32. Defendant Schanelli and Defendant John Doe stood by and watched Defendant Walker beat and torture Plaintiff, and did nothing to stop Defendant Walker from hurting Plaintiff, even though Plaintiff grunted from the blows to his body and gasped for air as he was being strangulated by Defendant Walker.

33. After Defendant Walker completed the acts of assault and battery, the Plaintiff requested an ambulance and medical attention.

34. Defendant Walker walked out of the room and ignored Plaintiff's request for medical attention.

35. Defendant John Doe told Plaintiff that nothing was wrong with him and to grow up and stop being such a big pussy. Defendant John Doe then stated, "what do you need help for", and Plaintiff stated that he had trouble breathing, a bad headache and chest pains. Defendant John Doe laughed and stated again, "don't be such a big pussy".

36. Defendant Schanellil told Plaintiff in an admonishing manner not to seek medical attention and he would be freed.

37. Plaintiff declined Defendant Schanelli's admonishment and continued to request medical attention. Plaintiff was taken to another room in the station and booked for Battery even though he had not committed a Battery.

38. The Plaintiff has written at least two letters to the Office of Professional Standards, but has not received a response since the incident occurred.

39. Plaintiff currently suffers from aches and pains related to the beating and strangulation that he endured from Defendant Walker.

40. On or about May 24, 2008 Defendants wrongly and unlawfully arrested Plaintiff without probable cause. These seizures and arrests were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

41. The City of Chicago has continuously failed to train its officers and other employees, which is one of the reasons the Plaintiff was treated in an adverse manner.

42. The misconduct described was undertaken pursuant to the policy and practice of the City of Chicago police department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference.

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in an disproportionately small number of cases.

d. Municipal policy makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a manner of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patters of abuse which might develop over the course of a Police Officer's career.

g. As a manner of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

43.    By consciously subjecting Plaintiff physical and corporal punishments by Defendants, the Defendants have acted with deliberate indifference to Plaintiff's serious health and safety, and have violated Plaintiff's rights under the Fourth and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

44.    By retaliating against the Plaintiff for exercising his rights to file a report about his stolen property and attempting to make a complaint against Defendants, the Defendants have violated the Plaintiff's First and Fourteenth Amendment rights of the United States Constitution and 42 U.S.C. § 1983.

45.    By consciously denying Plaintiff medical assistance and refusing to aid Plaintiff against an assault and battery, the Defendants have violated the Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

46.    By consciously failing to properly train Defendants as officers of the law, the Defendants have violated the Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

47.    By wrongfully arresting Plaintiff without probable cause, the Defendants have violated Plaintiff's rights under the Fourth and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

48. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

## COUNT I – 42 U.S.C. § 1983 – Excessive Force

49. Plaintiff re-alleges paragraphs 1 – 48 as if stated herein fully.

50. The actions of Defendants Walker, Schanelli and/or Doe (Defendant Officers) in physically abusing and otherwise using unreasonable and unjustifiable force against Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the U.S. Constitution, incorporated to the states and municipalities through the Fourteenth Amended, to be secure in his person, papers and effects against unreasonable searches and seizures, and therefore, violated 42 U.S.C. § 1983.

51. As a proximate cause of all of the aforementioned actions by the Defendant Officers, Plaintiff suffered loss of freedom, bodily injury, pain, suffering, psychological damage and medical expenses.

## COUNT II – 42 U.S.C. § 1983 – Failure to Intervene

52. Plaintiff re-alleges paragraphs 1 – 48 as if stated herein fully.

53. The actions or inactions of Defendant Schanelli and/or Defendant Doe, in failing to intervene to protect Plaintiff form excessive, unreasonable and unjustifiable force, despite the duty and opportunity to do so, violated Plaintiff's rights under the Fourth and Fourteenth Amended to the U.S. Constitution, and therefore, violated 42 U.S.C. § 1983.

54. As a proximate cause of all of the aforementioned actions by the Defendant Officers, Plaintiff suffered loss of freedom, bodily injury, pain, suffering, psychological damage and medical expenses.

### COUNT III – 42 U.S.C. § 1983 – False Arrest

55. Plaintiff re-alleges paragraphs 1 – 48 as if stated herein fully.

56. The actions of the Defendant Officers, as described above, whereby the Defendant Officers knowingly arrest and imprisoned Plaintiff without probable cause or any other lawful justification, constituted a deliberate violation of Plaintiff's rights under the Fourth and Fourteenth Amended to the U.S. Constitution, and therefore, violated 42 U.S.C. § 1983.

57. As a proximate cause of all of the aforementioned actions by the Defendant Officers, Plaintiff suffered loss of freedom, bodily injury, pain, suffering, psychological damage and medical expenses.

### COUNT IV – 42 U.S.C. § 1983 – False Imprisonment

58. Plaintiff re-alleges paragraphs 1 – 48 as if stated herein fully.

59. The actions of the Defendant Officers, as described above, whereby the Defendant Officers knowingly seized and detained Plaintiff without probable cause or without a warrant, constituted a deliberate violation of Plaintiff's rights under the Fourth and Fourteenth Amended to the U.S. Constitution, and therefore, violated 42 U.S.C. § 1983.

60. Defendants unlawfully seized, detained and wrongly searched Plaintiff without any legal right to do so.

61.     As a proximate cause of all of the aforementioned actions by the Defendant Officers, Plaintiff suffered loss of freedom, bodily injury, pain, suffering, psychological damage and medical expenses.

## COUNT V – Battery

62.     Plaintiff re-alleges paragraphs 1 – 48 as if stated herein fully.

56.     The actions of the Defendant Officers, as described above, whereby the Defendant Officers knowingly arrested and imprisoned Plaintiff without probable cause or any other lawful justification, constituted a deliberate violation of Plaintiff's rights under the Fourth and Fourteenth Amended to the U.S. Constitution, and therefore, violated 42 U.S.C. § 1983.

57.     As a proximate cause of all of the aforementioned actions by the Defendant Officers, Plaintiff suffered loss of freedom, bodily injury, pain, suffering, psychological damage and medical expenses.

## COUNT VI – Indemnification

.     Plaintiff re-alleges paragraphs 1 – 48 as if stated herein fully.

.     Illinois law provides that public entities, such as the Defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee that was acting in the scope of his employment.

.     At all times relevant, the Defendant Officers, Walker, Schanelli and Doe, were agents of the Defendant City of Chicago, and employees of the Chicago Police

Department, acting within the scope of their employment.  Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff Dominic Aguero prays for judgment and relief including:

(A) Judgment that Defendants have violated Plaintiff's rights under the First, Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. 1983.

(B)  Damages in the amount of $3,000,000 from each Defendant; and $3,000,000 in punitive damages from Defendant Walker, Schanelli and John Doe.

(C) Such other relief as this court may deem just and proper.

Respectfully submitted,

/s/ James K. Schultz
Attorney for Plaintiff Dominic Aguero

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

/s/ James K. Schultz
Attorney for Plaintiff Dominic Aguero

- 13 -

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
55 West Monroe Street
Suite 1120
Chicago, Illinois 60603
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-Mail: jschultz@sessions-law.biz

Attorney for Plaintiff Dominic Aguero

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2010, a copy of the foregoing **Plaintiff Aguero's First Amended Complaint** was served on the following attorneys of record via U.S. Mail by depositing a copy in a postage pre-paid envelope to the following attorneys of record at the below address:

Thomas H. Freitag
30 N. LaSalle St.
Suite 900
Chicago, IL 60602

Caroline Fronczak
30 N. LaSalle St.
Suite 900
Chicago, IL 60602

/s/ James K. Schultz
Attorney for Plaintiff Dominic Aguero